IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALBERTO BAUTISTA-SANCHEZ, | : | |
|     Petitioner | : | No. 1:14-cr-0009-001 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
|     Respondent | : | |

## MEMORANDUM

Before the Court is Petitioner Alberto Bautista-Sanchez's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 41-1.) For the reasons provided herein, the Court will deny Petitioner's Section 2255 motion.

## I. BACKGROUND

On January 8, 2014, a one-count indictment was returned charging Petitioner Alberto Bautista-Sanchez with illegal re-entry after an aggravated felony conviction in violation of 8 U.S.C. §§ 1326 (a), (b)(1), and (b)(2). On March 19, 2014, Petitioner pled guilty to count one of the indictment pursuant to a written plea agreement. The Court sentenced Petitioner on July 23, 2014 to 41 months' imprisonment, a three- year term of supervised release, and a $100.00 special assessment. (Doc. No. 33.)

On June 6, 2016, Petitioner filed the instant motion to vacate under 28 U.S.C. § 2255, asserting a potential entitlement to relief under Johnson v. United States, 135 S. Ct. 2251 (2015), which invalidated the residual clause of the Armed Career Criminal Act ("ACCA"), and its definition of a "violent felony." (Doc. No. 39.) Shortly thereafter, Petitioner filed both a brief in support of (Doc. No. 41), and a supplement to (Doc. No. 42), his Section 2255 motion. Pursuant to Standing Order 15-6 of the United States District Court for the Middle District of Pennsylvania regarding Appointment of Counsel in Proceedings Relating to the Application of

1

Johnson v. United States, Attorney Melinda Ghilardi of the Federal Public Defender's Office was appointed to represent Petitioner. (Doc. No. 40.) Following her review of Petitioner's motion, on July 1, 2016, Attorney Ghilardi filed a motion to withdraw as counsel on the basis that Johnson's holding invalidating the residual clause of the ACCA and its definition of a "violent felony," is inapplicable to Petitioner's case, as Petitioner pled guilty to illegal re-entry following the conviction of an aggravated felony pursuant to 8 U.S.C. § 1101(a)(43)(A), which defines aggravated felony as "murder, rape, or sexual abuse of a minor." (Doc. No. 43.) On July 12, 2016, the Court granted Attorney Ghilardi's motion to withdraw. (Doc. No. 43.) On October 7, 2016, the Government filed its brief in opposition to Petitioner's pro se Section 2255 motion. (Doc. No. 48.) Accordingly, this matter is now ripe for disposition.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255(a), a federal prisoner may file a motion requesting that the sentencing court vacate, set aside, or correct his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." However, Section 2255 does not afford a remedy for all errors that may have been made at trial or during sentencing. United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993) (citing United States v. Addonizio, 442 U.S. 178, 185 (1979)). Rather, Section 2255 is implicated only when the alleged error raises "a fundamental defect which inherently results in a complete miscarriage of justice." Addonizio, 442 U.S. at 185. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner has one year from the time his conviction becomes final to file a Section 2255 motion. 28 U.S.C. § 2244.

## III. DISCUSSION

    A.    <u>TIMELINESS OF PETITIONER'S SECTION 2255 MOTION</u>

28 U.S.C. § 2255 provides a one-year period to file an initial motion to vacate that runs from "the date on which the judgment of conviction becomes final." <u>United States v. Davies</u>, 394 F.3d 182, 186 n. 2 (3d Cir. 2005). In this context, a judgment of conviction becomes final within the meaning of § 2255 on the date on which the time for filing a timely direct appeal expires. <u>Kapral v. United States</u>, 166 F.3d 565, 577 (3d Cir.1999). Because Petitioner did not pursue a timely direct appeal to the United States Court of Appeals for the Third Circuit, his conviction and sentence became final on August 6, 2014—fourteen days from the entry of the judgment of conviction on July 23, 2014. <u>See</u> Fed. R. App. P. 4(b)(1)(A)(i). Consequently, Petitioner was required to file the instant Section 2255 motion no later than August 6, 2015, in order to be considered timely. Thus, Petitioner's instant Section 2255 motion, filed on June 6, 2016, is facially untimely absent an applicable exception to the AEDPA's one-year statute of limitations.[1]

Indeed, one such exception to the general one-year statute of limitations bar is found in 28 U.S.C. § 2255(f)(3), which permits a defendant to lodge a collateral attack of his sentence within one year from "the date on which the right asserted was initially recognized by the Supreme Court [of the United States], if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3);

---

[1] Because the "one-year filing requirement is a statute of limitations, not a jurisdictional rule," a Section 2255 motion "should not be dismissed as untimely filed if the petitioner can establish an equitable basis for tolling the limitations period." <u>Jones v. Morton</u>, 195 F.3d 153, 159 (3d Cir. 1999). Circumstances in which tolling is appropriate include where "(1) the defendant has actively misled the plaintiff, (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." <u>Id.</u> Petitioner has not asserted that any of these circumstances apply to his case.

see also Dodd v. United States, 545 U.S. 353, 357–58 (2005) (noting that the Section 2255(f)(3) limitation period runs from the date the Supreme Court recognizes the new right, not the date the new right is made retroactive).

Here, Petitioner asserts that his Section 2255 motion is timely under 28 U.S.C. § 2255(f)(3), because he filed the motion within one year of the Supreme Court's decision in Johnson.[2] (Doc. No. 41 at 2.) From what can be gleaned from Petitioner's Section 2255 motion, it appears that Petitioner claims that his aggravated felony convictions, which serve as prerequisites to the imposition of an enhanced sentence for an illegal re-entry offense, are affected by Johnson, thereby qualifying him for a reduction of his sentence on void-for-vagueness grounds. (Doc. Nos. 41, 42.) The Court finds this argument unavailing. As Respondent has correctly identified, Johnson is wholly inapplicable to Petitioner's case. (Doc. No. 48.) Petitioner received an 8-level upward enhancement as recommended by U.S.S.G. § 2L1.2(b)(1)(C), due to prior convictions of aggravated felony offenses under 8 U.S.C. § 1101(a)(43)(A), for "sexual abuse of a minor," resulting in his eventual deportation. Simply stated, Johnson, which invalidated the residual clause of the ACCA, has no effect on what constitutes "sexual abuse of a minor" under 8 U.S.C. § 1101(a)(43)(A). Accordingly, as Johnson bears no impact on the validity of Petitioner's sentence, Petitioner's Section 2255 motion must be denied as time-barred.

B. EVIDENTIARY HEARING

Section 2255(b) advises that a petitioner may be entitled to a hearing on his motion. The decision to hold a hearing is wholly within the discretion of the district court. Gov't of Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). Where the record affirmatively indicates that a

---

[2] On April 18, 2016, the Supreme Court held that Johnson is a new substantive rule that is retroactive to cases on collateral review. Welch v. United States, 136 S. Ct. 1257 (2016).

petitioner's claim for relief is without merit, the claim may be decided on the record without a hearing. See Gov't of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985). Here, as discussed above, the Court finds that "the motion and files and records of this case show conclusively that the movant is not entitled to relief." United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005) (quoting Forte, 865 F.2d at 62). Accordingly, the Court will not hold an evidentiary hearing in this matter.

    C.    CERTIFICATE OF APPEALABILITY

In proceedings brought under Section 2255, a petitioner cannot appeal to the circuit court unless a certificate of appealability ("COA") has been issued. A court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In other words, a COA should not issue unless "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, the Court finds, based upon its analysis above, that Petitioner has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(2). Accordingly, the Court will decline to issue a COA in the above-captioned case.

**IV.    CONCLUSION**

For the foregoing reasons, the Court will deny Petitioner's motion to vacate. (Doc. No. 41-1.) Furthermore, the Court will not conduct an evidentiary hearing and will not appoint counsel. An Order consistent with this Memorandum follows.